# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 30, 2026

Lyle W. Cayce
Clerk

———————

No. 25-30533
Summary Calendar

———————

Earnestine Saxton Washington, *individually and on behalf of all heirs-at-law and wrongful death beneficiaries of Antonio Saxton*,

*Plaintiff—Appellant*,

*versus*

City of Bossier; Bossier City Jail; Daniel Haugen, *in his official capacity as Bossier City Chief of Police*; Police Department of Bossier City; Jane and John Does, *in their official capacity as arresting officers, jail guards, and supervisory officials*,

*Defendants—Appellees*.

———————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:24-CV-799

———————————————————

Before Davis, Jones, and Ho, *Circuit Judges*.

Per Curiam:[*]

Earnestine Saxton Washington appeals the dismissal of her 42 U.S.C. § 1983 civil rights and wrongful death complaint on behalf of her son Antonio

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-30533

Saxton. She abandons any challenge to the dismissal of her complaint for failure to state an Eighth Amendment claim of cruel and unusual punishment, a civil conspiracy claim, or claims against the police department and unnamed Jane and John Doe defendants. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

As for her Fourteenth Amendment claim of due process, Washington failed to sufficiently allege that officials acted with subjective deliberate indifference. *See Olabisiomotosho v. City of Houston*, 185 F.3d 521, 526 (5th Cir. 1999). She failed to allege facts giving rise to an inference that Saxton had previously experienced suicidal ideation, had documented instances of mental illness, or otherwise indicated that the defendants were aware of a substantial risk that Sexton would die by suicide. We have repeatedly "acknowledged there is no independent constitutional right to suicide screening." *Edmiston v. Borrego*, 75 F.4th 551, 560 (5th Cir. 2023). Absent allegations that defendants knew of Saxton's suicide risk, the district court's dismissal for failure to state a claim was appropriate. *See Hare v. City of Corinth, Miss.*, 74 F.3d 633, 650 (5th Cir. 1996).

In the absence of allegations indicating that authorities had any reason to believe that Saxton was at risk of dying by suicide or that his death was otherwise foreseeable, Washington also failed to state a claim for wrongful death, survival, and negligence. *Leonard v. Torres*, 393 So. 3d 363, 367 (La. Ct. App. 2017). We decline to consider the dismissal of her claim of municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978), as Washington fails to challenge the finding that she did not sufficiently plead that official policy or custom was the moving force behind the constitutional violation. *See Yohey*, 985 F.2d at 224-25; *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

No. 25-30533

Finally, as the district court correctly found, further amendment of Washington's complaint would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Because she has not shown that her fourth amended complaint would state a claim upon which relief could be granted, the district court did not abuse its discretion by denying leave to amend. *See Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872-73 (5th Cir. 2000); *see also Gentilello v. Rege*, 627 F.3d 540, 546 (5th Cir. 2010).

Given the foregoing, the district court's judgment is AFFIRMED.